UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:

JOSE D. ABELLANEDA,
And other similarly situated individuals,

    Plaintiff (s),

v.

INTEGRATED TECH GROUP, LLC

    Defendant.
_____/

**VERIFIED COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff JOSE D. ABELLANEDA and other similarly-situated individuals, by and through the undersigned counsel, and sues Defendant INTEGRATED TECH GROUP, LLC, and alleges:

1. This is an action to recover money damages for unpaid overtime wages and retaliation under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff JOSE D. ABELLANEDA is a resident of Florida, within the jurisdiction of this Honorable Court, and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant INTEGRATED TECH GROUP, LLC (hereinafter ITG GROUP, or Defendant) is a Foreign Limited Liability Company, authorized to perform business in Florida, where Plaintiff worked for Defendant. Defendant is engaged

in interstate commerce. Defendant ITG GROUP was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

4. All the actions raised in this complaint took place in Palm Beach County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

5. This cause of action is brought by Plaintiff JOSE D. ABELLANEDA as a collective action to recover from Defendant overtime compensation, liquidated damages, retaliatory damages and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during one or more weeks on or after July 2017 (the "material time") without being compensated overtime wages pursuant to the FLSA.

6. Defendant ITG GROUP is a sub-contractor who provides Comcast Communications Company, with technicians who install, disconnect, or upgrade cable television, internet services, and other security related services to Comcast's customers throughout the Broward area.

7. Plaintiff drove a vehicle marked with the logo of Comcast, and he received his work orders directly from Comcast.

Doc ID: b63e136e982b1be2272f578f4c0e51b1c84de7ab

8. Defendant ITG GROUP employed Plaintiff JOSE D. ABELLANEDA as a technician from approximately July 15, 2017, through March 25, 2019, or 88 weeks.

9. Plaintiff was hired a non-exempted, full-time, employee.  During the relevant employment period, Plaintiff was paid by piece work. Defendant set a table with multiple piece-rates for different kind of technical work.

10. Plaintiff worked more than 40 hours every week period. Nevertheless, Plaintiff never was properly compensated for overtime hours worked.

11. Due to the complexity of Defendant's system to calculate piece-work rates, and hours worked, it is impossible for Plaintiff to know exactly how much he was paid by the hour or by the piece, since any technical task performed by Plaintiff involved multiple piece rates, and multiple working times.

12. While employed by Defendant Plaintiff worked weeks of 6 days per week from Monday to Saturday.  Plaintiff was required to show-up ready for work at 6:30 AM, but he was not allowed to clock-in until 8:00 AM. These off-the-clock hours constituted 9 unpaid additional overtime hours weekly. Plaintiff receive his work orders and loaded necessary equipment and materials at Defendant's warehouse in Boca Raton, FL; Plaintiff worked until 7:30 PM (13 hours daily). Plaintiff completed an average of 78 hours every week. Plaintiff was unable to take bona-fide lunch periods.

13. Plaintiff was paid for part of his overtime hours, but he was not paid for all his overtime hours. Plaintiff estimate that in every week period Defendant failed to pay him at least 19 overtime hours (9 of the clock +10 overtime hours).

Doc ID: b63e136e982b1be2272f578f4c0e51b1c84de7ab

14. Plaintiff clocked in and out through an application, and Defendants were able to monitor the total number of hours worked by Plaintiff and other similarly situated individuals.

15. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

16. Plaintiff does not know exactly how his working hours and hourly rate, or piece rates were calculated. Plaintiff is not in possession of time and payment records, and without the benefit of discovery it is impossible for him to determine exactly how much he is owed as overtime hours.  However, he knows that he was working an average of 78 hours weekly and he is going to provide an example and good faith estimate of unpaid overtime hours, based only in one paystub in his possession.

17. Plaintiff was paid bi-weekly with checks and paystubs that did not reflect the number of days and hours worked.  Plaintiff was paid by direct deposits.

18. Plaintiff distrusted Defendant's time-keeping practices, and he disagreed with the confusing piece-rates, the unpaid off-the-clock hours, the lack of payment for overtime hours every week, and he complained with his supervisor.

19. On or about March 14, and March 21, 2019, at the work meeting, Plaintiff complained about all these issues. Supervisor Kris De Riggs told Plaintiff and other similarly situated individuals that he was going to inform management about these problems.

Doc ID: b63e136e982b1be2272f578f4c0e51b1c84de7ab

20. Nevertheless, on or about March 25, 2019, using a pre-textual reason, Defendant fired Plaintiff.

21. There was no reason to fire Plaintiff other than his complaints requesting to be paid for all his overtime hours at the rate of time and one half his regular rate.

22. Plaintiff JOSE D. ABELLANEDA seeks to recover unpaid overtime hours, liquidated damages, retaliatory damages, and any other relief as allowable by law.

23. The additional persons who may become Plaintiffs in this action are/were non-exempt hourly employees who worked in excess of forty (40) hours during one or more work weeks during the relevant time period, but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION of 29 U.S.C. § 207 (a)(1); FAILURE TO PAY OVERTIME

24. Plaintiff JOSE D. ABELLANEDA re-adopts each and every factual allegation as stated in paragraphs 1-24 above as if set out in full herein.

25. This action is brought by Plaintiff JOSE D. ABELLANEDA, and those similarly-situated, to recover from his employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours

Doc ID: b63e136e982b1be2272f578f4c0e51b1c84de7ab

above-specified at a rate not less than one and a half times the regular rate at which he is employed."

26. The employer ITG GROUP was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The defendant is a company that provides technical services to communication, cable TV companies engaged in interstate commerce. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services to customers from throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside of the State of Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant was in excess of $500,000 per annum. Therefore, there is enterprise coverage.

27. Plaintiff was employed by an enterprise engage in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce, handling and working on goods and materials and that were produce for commerce and moved across State lines at any time in the course of business, and by installing TV and internet services. Therefore, there is individual coverage.

28. Defendant ITG GROUP employed Plaintiff JOSE D. ABELLANEDA technician from approximately July 15, 2017, through March 25, 2019, or 88 weeks.

Doc ID: b63e136e982b1be2272f578f4c0e51b1c84de7ab

29. Plaintiff was hired a non-exempted, full-time, employee. During the relevant employment period, Plaintiff was paid by piece work. Defendant set a table with multiple piece-rates for technical work.

30. Plaintiff worked more than 40 hours every week period. Nevertheless, Plaintiff never was properly compensated for overtime hours worked.

31. Due to the complexity of Defendant's system to calculate piece-work rates paid and hours worked, it is impossible for Plaintiff to know exactly how much he was paid by the hour or by the piece, since any technical task performed by Plaintiff employed certain amount of time and it involved multiple piece rates.

32. While employed by Defendant Plaintiff worked weeks of 6 days per week from Monday to Saturday. Plaintiff was required to show-up ready for work at 6:30 AM, at Defendant's warehouse in Boca Raton, However, Plaintiff was not allowed to clock-in until 8:00 AM. These off-the clock hours constituted 9 unpaid overtime hours weekly. Plaintiff receive his work orders and loaded necessary equipment and materials; Plaintiff worked until 7:30 PM (13 hours daily). Plaintiff completed an average of 78 hours every week. Plaintiff was unable to take bona-fide lunch period.

33. Plaintiff was paid for part of his overtime hours, but he was not paid for all his overtime hours. Plaintiff estimate that in every week period Defendant failed to pay him at least 19 overtime hours (9 of the clock hours at the beginning of his shift +10 overtime hours in the afternoon).

34. Plaintiff clocked in and out through an application, and Defendants were able to monitor the total number of hours worked by Plaintiff and other similarly situated individuals.

35. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

36. Plaintiff does not know exactly how his working hours and hourly, or piece rate were calculated. Plaintiff is not in possession of time and payment records, and without the benefit of discovery it is impossible for him to determine exactly how much he is owed as overtime hours.  However, he knows that he was working an average of 78 hours weekly and he is going to provide an example and good faith estimate of unpaid overtime hours, based only in one paystub in his possession.

37. Plaintiff was paid bi-weekly with checks and paystubs that did not reflect the number of days and hours worked.  Plaintiff was paid by direct deposits.

38. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

39. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

Doc ID: b63e136e982b1be2272f578f4c0e51b1c84de7ab

40. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

41. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

42. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages are as follows:

*Plaintiff is not in possession of time and payment records, and he is providing this preliminary good faith estimate of the unpaid overtime, based on 1 paystub. Plaintiff will amend his calculations after proper discovery.
*Plaintiff is going to use the weighted rate.

Paystub from 12/16/2018 to 12/29/2018

| Bi-weekly | Rate | HR/Unit | Current $ |
|---|---|---|---|
| Hourly hours | 9.90 | 40 | 396.00 |
| Hourly hours | 12.04 | 40 | 481.60 |

a. <u>Total amount of alleged unpaid O/T wages</u>:

Twenty-Seven Thousand Five Hundred Twenty-One Dollars and 12/100 ($27,521.12)

b. <u>Calculation of such wages</u>:

Total weeks of employment: 88 weeks
Total number of relevant weeks: 88 weeks
Total hours worked: 78 hours weekly
Total O/T hours: 38 O/T hours
Total unpaid O/T hours paid:   19 O/T hours
Rate paid: $9.90 + $12.04= $21.94:2= $10.97
Weighted rate: $10.97 x 1.5= $16.46 O/T rate

O/T rate $16.46 x 19 O/T hours=$312.74weekly x 88 weeks=$27,521.12

c. <u>Nature of wages (e.g. overtime or straight time)</u>:

This amount represents unpaid overtime wages.

43. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

44. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

45. Defendant ITG GROUP willfully and intentionally refused to pay Plaintiff JOSE D. ABELLANEDA overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

46. Plaintiff seeks to recover for unpaid overtime wages accumulated during his time of employment.

Doc ID: b63e136e982b1be2272f578f4c0e51b1c84de7ab

47. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JOSE D. ABELLANEDA and those similarly-situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff JOSE D. ABELLANEDA and other similarly-situated and against the Defendant ITG GROUP, on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff JOSE D. ABELLANEDA an equal amount in double damages/liquidated damages; and

D. Award Plaintiff JOSE D. ABELLANEDA reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff JOSE D. ABELLANEDA and those similarly-situated demand trial by jury of all issues triable as of right by jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE OF JOSE D. ABELLANEDA; PURSUANT TO 29 U.S.C. 215(a)(3)

Doc ID: b63e136e982b1be2272f578f4c0e51b1c84de7ab

48. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 of this complaint as if set out in full herein.

49. The employer ITG GROUP was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The defendant is a company that provides technical services to communication, cable TV companies engaged in interstate commerce. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services to customers from throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside of the State of Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant was in excess of $500,000 per annum. Therefore, there is enterprise coverage.

50. Plaintiff was employed by an enterprise engage in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce, handling and working on goods and materials and that were produce for commerce and moved across State lines at any time in the course of business, and by installing TV and internet services. Therefore, there is individual coverage.

51. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

Doc ID: b63e136e982b1be2272f578f4c0e51b1c84de7ab

52. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

53. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

54. Defendant ITG GROUP employed Plaintiff JOSE D. ABELLANEDA as a technician from approximately July 15, 2017, through March 25, 2019, or 88 weeks.

55. Plaintiff was hired a non-exempted, full-time, technician.  During the relevant employment period, Plaintiff was paid by piece work. Defendant set a table of with multiple piece-rates for technical work.

56. Plaintiff worked more than 40 hours every week period. Nevertheless, Plaintiff never was properly compensated for overtime hours worked.

57. While employed by Defendant Plaintiff worked weeks of 6 days per week from Monday to Saturday.  Plaintiff was required to show-up ready for work at 6:30 AM, but he was not allowed to clock-in until 8:00 AM. These 1.5 off-the clock hours constitute 9 unpaid additional overtime hours weekly. Plaintiff receive his work orders and loaded necessary equipment and materials; Plaintiff worked until

minimum 7:30 PM (13 hours daily) and he completed an average of 78 hours every week. Plaintiff was unable to take bona-fide lunch period.

58. Plaintiff was paid for part of his overtime hours, but he was not paid for all his overtime hours. Plaintiff estimate that every week period Defendant failed to pay him at least 19 overtime hours (9 of the clock at the beginning of his shift+10 overtime hours in the afternoon.)

59. Plaintiff clocked in and out through an application, and Defendants were able to monitor the total number of hours worked by Plaintiff and other similarly situated individuals.

60. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

61. Plaintiff was paid bi-weekly with checks and paystubs that did not reflect the number of days and hours worked.  Plaintiff was paid by direct deposits.

62. Plaintiff distrusted Defendant's time-keeping practices, and he disagreed with the confusing piece-rates, the unpaid off-the-clock hours, the lack of payment for overtime hours every week, and he complained with his supervisor.

63. On or about March 14, and March 21, 2019, at the work meetings, Plaintiff complained about all these issues. Supervisor Kris De Riggs told Plaintiff and other similarly situated individuals that he was going to inform management about all these problems.

64. These complaints constituted protected activity under the FLSA.

Doc ID: b63e136e982b1be2272f578f4c0e51b1c84de7ab

65. Nevertheless, as a result of Plaintiff's complaints, on or about March 25, 2019, Defendant fired Plaintiff using a pre-textual reason.

66. At the time of his termination, Plaintiff was performing the essential functions of his position satisfactorily. There was no other reason than retaliation to fire him.

67. There is closed proximity between Plaintiff's protected activity and his termination.

68. The motivating factor which caused Plaintiff's discharge as described above was his complaints seeking unpaid overtime wages from the Defendant. In other words, Plaintiff would not have been discharge but for his complaints for unpaid overtime wages.

69. The Defendant's termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

70. Plaintiff JOSE D. ABELLANEDA has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff JOSE D. ABELLANEDA respectfully request that this Honorable Court:

A. Issue a declaratory judgment that Defendant's acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

Doc ID: b63e136e982b1be2272f578f4c0e51b1c84de7ab

B. Enter judgment against Defendant ITG GROUP that Plaintiff JOSE D. ABELLANEDA recovers compensatory damages, and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendant ITG GROUP to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff JOSE D. ABELLANEDA further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff JOSE D. ABELLANEDA demands trial by jury of all issues triable as of right by jury.

DATED: May 2, 2019

Respectfully Submitted,

By: __/s/ Zandro E. Palma_____
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:

JOSE D. ABELLANEDA,
And other similarly situated individuals,

    Plaintiff (s),

v.

INTEGRATED TECH GROUP, LLC

    Defendant.
_____/

**VERIFICATION OF COMPLAINT**

    The undersigned, for himself declares:

I am the Plaintiff in the above-styled action. I have read the forgoing FLSA complaint consisting of 16 pages and know the contents thereof. With respect to the causes of action alleged by me, the same is true by my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe them to be true. I have reviewed this document and have had it translated to me from English to Spanish.

    Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that the forgoing is true and correct.

Date: _____05/02/2019_____

Signature_____[signature]_____
    JOSE D. ABELLANEDA

 Audit Trail

| | |
|---|---|
| **TITLE** | Complaint |
| **FILE NAME** | ABELLANEDA JOSE D...PLAINT 050219.pdf |
| **DOCUMENT ID** | b63e136e982b1be2272f578f4c0e51b1c84de7ab |
| **STATUS** | ● Completed |

## Document History

**SENT**  
**05/02/2019**  
11:43:32 UTC-5  
Sent for signature to Jose D. Abellaneda (javellanedaduque@hotmail.com) from svelez@thepalmalawgroup.com  
IP: 73.0.216.26

**VIEWED**  
**05/02/2019**  
13:32:53 UTC-5  
Viewed by Jose D. Abellaneda (javellanedaduque@hotmail.com)  
IP: 172.58.15.39

**SIGNED**  
**05/02/2019**  
13:34:06 UTC-5  
Signed by Jose D. Abellaneda (javellanedaduque@hotmail.com)  
IP: 172.58.15.39

**COMPLETED**  
**05/02/2019**  
13:34:06 UTC-5  
The document has been completed.